IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES SELVITELLA,

    Plaintiff and Petitioner,

  v.

CITY OF SOUTH SAN FRANCISCO, et al.,

    Defendants and Respondents.
_____/

No. C 08-04388 CW

ORDER GRANTING DEFENDANTS AND RESPONDENTS' MOTION TO BIFURCATE THE CLAIMS AND STAY DISCOVERY ON THE 42 U.S.C. § 1983 CLAIMS

Defendants and Respondents City of South San Francisco, Personnel Board of the City of South San Francisco, South San Francisco Fire Department, Barry M. Nagel, Marty Van Duyn and Phillip White[1] move pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate the claims in this lawsuit.  Defendants ask the Court first to rule on the petition for writ of mandate under California Code of Civil Procedure § 1094.5, before considering the second cause of action alleging civil rights violations under 42 U.S.C. § 1983.  Defendants also move to stay all discovery until the Court resolves the petition for writ of mandate.  Plaintiff James Selvitella opposes the motion.  Having considered all of the papers filed by the parties, the Court grants Defendants' motion.

BACKGROUND

Plaintiff James Selvitella had worked twenty-five years for the South San Francisco Fire Department.  At the time of his

---

[1] Hereinafter, all Defendants and Respondents will be referred to as "Defendants."

termination, he held the position of Battalion Chief.  Before the events leading to the present lawsuit, Plaintiff had never been subject to official disciplinary action.  After receiving information from an unidentified firefighter that Plaintiff was engaged in illegal gambling activities while on duty and had facilitated the involvement of a subordinate firefighter, Devin Flannery, in these illegal gambling activities, the City of South San Francisco conducted an administrative and criminal investigation into the matter.

On November 14, 2007, Defendant South San Francisco Fire Chief Phillip White issued a notice of proposed discipline to Plaintiff recommending that Plaintiff be terminated because he (1) engaged in a substantial number of illegal gambling and bookmaking activities while on duty, (2) encouraged and assisted subordinates to participate in this illegal activity and (3) made untruthful statements and in some instances refused to cooperate fully with investigators.

White's notice was based on a South San Francisco Fire Department internal investigation report prepared by Lieutenant Roy Varney.  According to the report, Devin Flannery stated that he was involved in gambling with Plaintiff and that in the last two years he had lost approximately $30,000 to Plaintiff in sports gambling.  Plaintiff collected losses and paid winnings on Flannery's gambling transactions.  The report relied on information obtained in the criminal investigation.  For instance, the report listed as evidence relied upon: copies of betting sheets obtained pursuant to a search warrant; transcripts of the interrogation of Devin Flannery on July 26, 2007 and Plaintiff on September 24, 2007; and

2

a "gambling/bookmaking ring" chart made by a police officer assisting in the investigation.

In response to White's notice, Plaintiff requested a <u>Skelly</u> hearing.[2] Assistant City Manager Martin Van Duyn conducted the <u>Skelly</u> hearing on January 7, 2008. The City upheld the proposed decision to terminate Plaintiff's employment. Plaintiff appealed the decision to the City's Personnel Board. Prior to the Personnel Board hearing, Plaintiff requested materials connected to the criminal and administrative investigations into his gambling activities. Specifically, Plaintiff sought the audio recordings and transcripts from interviews related to those investigations. The City produced approximately three hundred pages of documents, but refused to produce documents relating to the ongoing criminal investigation.

On the first day of the Personnel Board hearing, Plaintiff moved the Personnel Board to compel the City to turn over the following documents and materials: (1) all tapes, transcripts and/or notes pertaining to investigative interviews of Devin Flannery by all South San Francisco City agencies; (2) the complete file pertaining to the investigation of Plaintiff, including investigative documents, search warrant affidavits and statements; and (3) the identity and statements of an "informant," who initially disclosed the gambling to the Fire Chief. The Board denied Plaintiff's motion and concluded that the information sought was not relevant to the proceedings. The Board stated:

---

[2] A <u>Skelly</u> hearing refers to a proceeding required under <u>Skelly v. State Personnel Bd</u>, 15 Cal. 3d 194 (1975), and it occurs when a public employee faces a potential deprivation of his or her property interest as an employee.

3

> 1  There has been testimony that the City has produced all
> 2  materials relied on by the City in reaching the decision to
>    terminate Mr. Selvitella on the grounds stated.  In City
> 3  Manager Nagel's Final Notice of Termination, Mr. Nagel wrote
>    that, "I conclude that your conduct of engaging in repeated
> 4  instances of gambling on duty and using City facilities to
>    gamble, standing alone, warrants your termination.  I also
> 5  find that your conduct in encouraging, promoting and
>    facilitating gambling on duty by your subordinate, Devin
> 6  Flannery, standing alone, is sufficient grounds for your
>    termination."  The information Mr. Selvitella seeks from the
> 7  criminal investigate conducted . . . is not relevant to this
>    Hearing.

8  AR 23-24.  Plaintiff also filed a separate request under the

9  California Public Records Act, which was refused on the ground that

10 these documents were exempt from disclosure because they were part

11 of an ongoing criminal investigation.

12      The hearing before the Personnel Board lasted five days.

13 Ultimately, the Board voted unanimously to uphold the City's

14 decision to terminate Plaintiff's employment.  The Board noted that

15 the termination was warranted based on Plaintiff's "acknowledged

16 repeated instances of illegal conduct while on duty."  AR(2)-88.

17      Plaintiff's first cause of action in the present lawsuit is a

18 petition for a writ of mandate under California Code of Civil

19 Procedure § 1094.5, seeking to invalidate the Personnel Board's

20 decision to uphold his termination.  The second cause of action is

21 brought under 42 U.S.C. § 1983 for deprivation of Plaintiff's

22 substantive and procedural due process rights.  Plaintiff alleges

23 that Defendants denied him access to materials that provided the

24 foundation for adverse reports and testimony presented to the

25 Personnel Board.  Plaintiff asserts that these documents would have

26 been "material to mitigation or a reduction of discipline."  Compl.

27 ¶ 28.

28      Since the opening of discovery, Plaintiff has taken four

4

depositions, and served deposition subpoenas on five more individuals. On the same date that Defendants filed the instant motion, they notified Plaintiff that they would not produce any other witnesses for depositions or respond to any further discovery requests until this motion is decided. Defendants have also refused to comply with Plaintiff's discovery request to produce information related to the pending criminal investigation. Discovery motions related to this case are currently pending before Magistrate Judge Brazil.

## DISCUSSION

Defendants move, pursuant to Federal Rule of Civil Procedure 42(b), to bifurcate the trial of Plaintiff's petition for a writ under § 1094.5 from his § 1983 claims. Rule 42(b) provides, in relevant part, "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim . . . ." Fed. R. Civ. P. 42(b). The bifurcation issue has essentially already been addressed by the Court in its January 16, 2009 case management order. Plaintiff is to file by August 14, 2009 a brief regarding the writ of mandate and include his motion for summary judgment on any other issue for which full discovery is not required. Further, under § 1094.5(a), the Court will decide the mandamus claim without a jury. Thus, the § 1094.5 claim will be decided before any trial on the § 1983 claim. Accordingly, the motion to bifurcate is granted to that extent.

The remaining issue before the Court is whether discovery on the § 1983 claim should be stayed until the Court decides the § 1094.5 claim. If the Court denies the writ petition and upholds

5

the Personnel Board's decision, Plaintiff's § 1983 claim may be barred on the basis of collateral estoppel. "Pursuant to the doctrine of issue preclusion, the judgment 'operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.'" Mata v. City of Los Angeles, 20 Cal. App. 4th 141, 149 (1993). In the Ninth Circuit, state administrative adjudications of legal as well as factual issues have preclusive effect in federal court as long as the state proceeding satisfies the requirements of fairness outlined in United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966). Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994). Those fairness requirements are "(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." Id. (citing Utah Construction, 384 U.S. at 422).

Here, Defendants assert that these requirements are met because the Personnel Board acted in a judicial capacity when it heard and adjudicated Plaintiff's appeal of his termination. The Board conducted a five-day hearing, during which Plaintiff subpoenaed, examined and cross-examined witnesses. Further, both parties offered hundreds of pages of exhibits into evidence. At this juncture, the Court will not decide whether the Utah Construction requirements have been satisfied because the issue of collateral estoppel is not presently before the Court. However, the § 1094.5 claim may have a preclusive effect on the § 1983 claims.

Plaintiff's § 1983 claim that the Personnel Board violated his

6

procedural and substantive due process rights is likely duplicative of his claim for relief under § 1094.5.  The Court's inquiry on a petition for a writ under § 1094.5

> shall extend to the questions of whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

Cal. Code Civ. Proc. § 1094.5(b).  Plaintiff's § 1983 claim that he was denied due process because the Personnel Board denied his motion to compel involves the issue of whether he received a "fair trial" and whether there was any "prejudicial abuse of discretion."  Moreover, the facts underlying Plaintiff's § 1983 claim that Defendants terminated him as a form of retaliation, for complaining about the manner in which Chief White promoted individuals, was presented to the Personnel Board.  Therefore, the Court's resolution of the § 1094.5 claim may collaterally estop the § 1983 claim.

Plaintiff argues that he needs to conduct more discovery to support his § 1094.5 claim.  Although judicial review pursuant to § 1094.5 is generally confined to the administrative record,

> [w]here the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before respondent, it may enter judgment . . . remanding the case to be reconsidered in the light of that evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case.

Cal. Code Civ. Proc. § 1094.5(e).  This section "has been interpreted to allow limited posthearing discovery provided the moving party shows that such discovery is reasonably calculated to

7

lead to evidence <u>admissible</u> under section 1094.5." <u>Pomona Valley Hosp. Medical Ctr. V. Superior Court</u>, 55 Cal. App. 4th 93, 102 (1997) (emphasis in original).  "In an ordinary civil action, discovery is not limited to questions which may lead to admissible evidence, but includes inquiries relevant to the subject matter of the action which may be helpful in preparation for trial.  An administrative mandamus action, on the other hand, reviews the administrative record which should contain all evidence the parties consider necessary to the resolution of contested issues." <u>City of Fairfield v. Superior Court of Solano</u>, 14 Cal. 3d 768, 775 n.6 (1975) (internal citation omitted).  Thus, discovery under § 1094.5, "unlike general civil discovery, cannot be used to go on a fishing expedition looking for unknown facts to support speculative theories." <u>Pomona Valley</u>, 55 Cal. App. 4th at 102.

Plaintiff argues that he was denied a full and fair administrative review of his termination because he was not allowed to see evidence which he believes could have "resulted in impeachment of the City's case against [him] or imposition of discipline less severe than termination." Opposition at 16.  This evidence includes all documents that relate to the criminal investigation of Plaintiff and Devin Flannery.  However, Plaintiff has not proffered any plausible theory as to what evidence could be available that could exculpate him, especially in the light of his own admissions.  Nor does he hypothesize any manner in which this additional evidence could support a theory that he did not receive a "fair trial" in front of the Board or that the Board committed a "prejudicial abuse of discretion."  Cal. Code Civ. Proc. § 1094.5(b).  Neither has Plaintiff provided any other explanation

as to how this evidence could be relevant to his writ petition. The Court cannot determine definitively whether Plaintiff must be allowed to pursue discovery under the § 1094.5(e) exception until it reviews the entire record in the context of the § 1094.5 claim. Discovery outside of the administrative record may not be necessary to determine whether the Court should issue the writ. Therefore, in the interest of judicial economy and to defer costly and possibly unnecessary discovery regarding the § 1983 claim, the Court will stay discovery on the § 1983 claim and proceed with the writ petition first.

As noted in the January 16, 2009 case management order, Plaintiff must file by August 14, 2009 his brief regarding the writ of mandate and include his motion for summary judgment on any other issue that is ripe for determination at this time. Defendants' opposition and any cross-motion (contained within a single brief) will be due on September 11; Plaintiff's reply/opposition to the cross motion will be due one week later; Defendants' reply to the cross motion will be due one week thereafter. The Court will hear the matter on October 8. Any other case dispositive motions shall be noticed to be heard on December 10. A further case management conference will be held on December 10 whether or not dispositive motions are filed.

IT IS SO ORDERED.

Dated: 7/20/09

CLAUDIA WILKEN
United States District Judge

9