IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES SELVITELLA,

    Plaintiff and Petitioner,

  v.

CITY OF SOUTH SAN FRANCISCO, et al.,

    Defendants and Respondents.
    _____/

No. C 08-04388 CW

ORDER DENYING PETITION FOR WRIT OF MANDAMUS AND STAYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

    Plaintiff and Petitioner James Selvitella petitions for a writ of mandamus under California Code of Civil Procedure § 1094.5 seeking to overturn the decision by the Personnel Board of the City of South San Francisco to terminate his employment as Battalion Chief of the City's Fire Department. Defendants and Respondents City of South San Francisco, Personnel Board of the City of South San Francisco, South San Francisco Fire Department, Barry M. Nagel, Marty Van Duyn and Phillip White[1] oppose this petition and move for summary judgment on the 42 U.S.C. § 1983 claims also contained in the complaint. Having considered oral argument and all of the papers filed by the parties, the Court denies Plaintiff's petition for a writ of mandamus and stays its ruling on Defendants' motion for summary judgment.

---

[1] Hereinafter, Plaintiff and Petitioner will be referred to as "Plaintiff" and all Defendants and Respondents will be referred to as "Defendants."

BACKGROUND

Plaintiff James Selvitella worked for twenty-five years for the South San Francisco Fire Department.  At the time of his termination, he held the position of Battalion Chief.  Before the events leading to the present lawsuit, Plaintiff had never been subject to official disciplinary action.  After receiving information from an unidentified firefighter that Plaintiff was engaged in illegal gambling activities while on duty and had facilitated the involvement of a subordinate firefighter, Devin Flannery, in these illegal gambling activities, the City of South San Francisco conducted an administrative and criminal investigation into the matter.

When the police interviewed Selvitella on September 24, 2007 about the gambling activities, he denied that anybody other than himself was involved.  He stated that he never provided the telephone number for the gambling organization to anybody else and that he would not reveal the names of the people involved in the gambling operation because they were "life-long friends."

On November 14, 2007, Defendant South San Francisco Fire Chief Phillip White issued a notice of proposed discipline to Plaintiff recommending that he be terminated because (1) he engaged in a substantial number of illegal gambling and bookmaking activities while on duty, (2) he encouraged and assisted subordinates to participate in this illegal activity and (3) during the investigation, he made untruthful statements and in some instances refused to cooperate fully with investigators.  Chief White stated that these acts constituted violations of the following City of South San Francisco Personnel Rules and Policies:

2

>     Section 13.01.C.2.e Careless, negligent, unauthorized or
>                         improper use of City property, equipment
>
>     Section 13.01.C.2.i Dishonesty
>
>     Section 13.01.C.2.m Gross negligence
>
>     Section 13.01.C.2.n Improper use of authority for personal
>                         gain or satisfaction

White's notice was based on a South San Francisco Fire Department internal investigation report prepared by Lieutenant Roy Varney. According to the report, Flannery stated that he was involved in gambling with Plaintiff and that in the last two years he had lost approximately $30,000. Plaintiff collected losses and paid winnings on Flannery's gambling transactions. The report relied on information obtained in the criminal investigation. For instance, the report listed as evidence relied upon: copies of betting sheets obtained pursuant to a search warrant; transcripts of the interrogation of Flannery on July 26, 2007 and of Plaintiff on September 24, 2007; and a "gambling/bookmaking ring" chart made by a police officer assisting in the investigation.

In response to White's notice, Plaintiff requested a Skelly hearing.[2] Assistant City Manager Martin Van Duyn conducted the Skelly hearing on January 7, 2008. The City upheld the proposed decision to terminate Plaintiff's employment. Plaintiff appealed the decision to the City's Personnel Board. Prior to the Personnel Board hearing, Plaintiff requested materials connected to the criminal and administrative investigations into his gambling activities. Specifically, Plaintiff sought the audio recordings

---

[2] A Skelly hearing is required under Skelly v. State Personnel Bd., 15 Cal. 3d 194 (1975), when a public employee faces a potential deprivation of his or her property interest in employment.

3

1  and transcripts from interviews related to those investigations.
2  The City produced approximately three hundred pages of documents,
3  but refused to produce documents relating to the ongoing criminal
4  investigation.
5     On the first day of the Personnel Board hearing, Plaintiff
6  moved the Board to compel the City to turn over the following
7  documents and materials: (1) all tapes, transcripts and/or notes
8  pertaining to investigative interviews of Flannery conducted in
9  connection with the criminal investigation; (2) the complete file
10 pertaining to the criminal investigation of Plaintiff, including
11 investigative documents, search warrant affidavits and statements;
12 and (3) the identity and statements of an "informant," who
13 initially disclosed the gambling to the Fire Chief.  The Board
14 denied Plaintiff's motion and concluded that the information sought
15 was not relevant to the proceedings.  The Board stated:

> There has been testimony that the City has produced all materials relied on by the City in reaching the decision to terminate Mr. Selvitella on the grounds stated.  In City Manager Nagel's Final Notice of Termination, Mr. Nagel wrote that, "I conclude that your conduct of engaging in repeated instances of gambling on duty and using City facilities to gamble, standing alone, warrants your termination.  I also find that your conduct in encouraging, promoting and facilitating gambling on duty by your subordinate, Devin Flannery, standing alone, is sufficient grounds for your termination."  The information Mr. Selvitella seeks from the criminal investigate conducted . . . is not relevant to this Hearing.

23 AR 23-24.  Plaintiff also filed a separate request under the
24 California Public Records Act, which was refused on the ground that
25 these documents were exempt from disclosure because they were part
26 of an ongoing criminal investigation.
27    The hearing before the Personnel Board lasted five days.
28 Thirteen witnesses were examined and cross-examined under oath and

4

over one thousand pages of evidence were admitted. Selvitella was given the opportunity to raise assertions that the decision to terminate him was wrongful, illegal or discriminatory. He testified that he thought he was fired for complaining that Chief White had an "open recruitment" hiring policy for the Deputy Chief position instead of a policy to promote an individual within the fire department. He also stated that his termination may have been in retaliation for challenging Chief White's decisions to promote certain individuals to the captain position.

At the hearing, Plaintiff was asked about various gambling activities. He openly admitted to gambling on-duty and to using City telephones to place bets on sporting events through an 800 number an average of three calls per work-shift. Over a three-year period, Plaintiff made almost one thousand calls to the 800 number and bet an average of $500 per week. He stated that he knew that he was engaging in illegal conduct by placing those bets and that he should not have been doing so while on-duty. Plaintiff admitted that his actions were "serious," that he "made a mistake" and that he was "ashamed of what happened."

At the hearing, Plaintiff testified that he introduced Flannery to the 800 number and the bookmaking organization. Plaintiff would transmit the money between Flannery and the organization through a runner in the organization. Thus, if Flannery won a bet, the organization would send the money to Plaintiff; and if Flannery lost a bet, the organization would collect the money from Plaintiff. Initially, Flannery's betting

cap was $1000.³  However, at Flannery's request, Plaintiff negotiated with the organization to raise Flannery's betting cap to $1500.  Occasionally, Plaintiff personally covered some of Flannery's losses.  At the peak, Flannery owed Plaintiff about $4,500.  In total, Flannery lost approximately $30,000 from bets placed through the 800 number, and all of those losses were paid to the organization through Plaintiff.

On May 20, 2008, the Board voted unanimously to uphold the City's decision to terminate Plaintiff's employment.  The Board's decision stated, in relevant part:

> After considering all of the relevant evidence offered at the hearing and the arguments of both parties, the Personnel Board voted, unanimously, to uphold the City's decision to terminate Mr. Selvitella's employment, but to extend Mr. Selvitella's leave without pay, begun on December 10, 2007 until February 18, 2008.  By this ruling of the personnel board, Mr. Selvitella's termination from employment with the City shall become effective February 19, 2009.
>
> In extending the date of his termination, the Board acknowledges Mr. Selvitella's long-term record of good performance on behalf of the City and provides him with health benefits.  The Board also notes that the termination is warranted based on Mr. Selvitella's acknowledged repeated instances of illegal conduct while on duty.

AR 12.  Changing the effective date of Plaintiff's termination ensured that he would be eligible to receive lifetime medical benefits.

Plaintiff filed the present lawsuit on September 18, 2008. Plaintiff's first cause of action is a petition for a writ of mandamus under California Code of Civil Procedure § 1094.5, seeking to invalidate the Personnel Board's decision to uphold his

---

³The record is not clear whether the betting cap limited each bet or the total amount of money that Flannery could gamble per week.

6

termination.  The second cause of action is brought under 42 U.S.C. § 1983 for deprivation of his substantive and procedural due process rights.  Plaintiff alleges that Defendants denied him access to materials that provided the foundation for adverse reports and testimony presented to the Personnel Board.  Plaintiff asserts that these documents would have been "material to mitigation or a reduction of discipline."  Compl. ¶ 28.

On July 20, 2009, the Court granted Defendants' motion to bifurcate the decision on Plaintiff's petition for a writ under § 1094.5 from his § 1983 claim and to stay discovery on the § 1983 claim until the Court decides the writ of mandamus.

## DISCUSSION

I. Plaintiff's Petition for a Writ of Administrative Mandamus

California law provides the Court with jurisdiction to review a final administrative action "for the purpose of inquiring into the validity" of the decision.  Cal. Code Civ. Proc. § 1094.5(a).  The Court's inquiry on a petition for a writ under § 1094.5

> shall extend to the questions of whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.  Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

Cal. Code Civ. Proc. § 1094.5(b).

The Board's decision in this case affects Plaintiff's fundamental right vested under California law -- his continued public employment.  Logan v. Southern Cal. Rapid Transit Dist., 136 Cal. App. 3d 116, 125-26 (1982).  Therefore, in "determining under section 1094.5 whether there has been an abuse of discretion because the findings are not supported by the evidence, [the

7

reviewing court] must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence." Strumsky v. San Diego County Employees Ret. Ass'n, 11 Cal. 3d 28, 32 (1974).[4] In exercising its independent judgment, a reviewing court "must afford a strong presumption of correctness concerning the administrative findings, and the party challenging the administrative decision bears the burden of convincing the court that the administrative findings are contrary to the weight of the evidence." Fukuda v. City of Angels, 20 Cal. 4th 805, 817 (1999).

Plaintiff argues that the City did not proceed in the manner required by its Rules and Regulations when it disciplined him. City of South San Francisco Personnel Rule § 13.02 provides Plaintiff with the right "to inspect copies of all materials upon which the disciplinary action is based." Plaintiff claims that the City denied him this right because the disciplinary decision was "expressly based upon investigative materials which have never been fully provided to Selvitella." Petition at 14. However, all of the materials upon which the disciplinary action was based were provided to Plaintiff. When Plaintiff received the Notice of Proposed Discipline on November 28, 2007, he also received the Supervisor's investigation report, prepared by Chief White, and Varney's IA report, with all of its attachments. Plaintiff has not identified any other material evidence that was relied upon by the

---

[4] If the administrative decision did not substantially affect a fundamental vested right, the reviewing court's inquiry would be "limited to a determination of whether or not the findings are supported by substantial evidence in the light of the whole record." Strumsky, 11 Cal. 3d at 32.

8

1 City that was withheld from him.

2   Plaintiff also argues that his termination should be reversed
3 because the Board improperly denied his motion to compel on the
4 basis of a lack of relevance. Even with the relaxed standards of
5 admissibility of evidence governing administrative hearings, the
6 evidence admitted must be relevant and reliable. See Aengst v.
7 Board of Medical Quality Assurance, 110 Cal. App. 3d 275, 283
8 (1980) ("Under the rules applicable to administrative proceedings
9 before a [panel of the Medical Quality Review Committee], the
10 evidence must be relevant and reliable."). Here, the Personnel
11 Board acted within its discretion to make a determination about
12 whether evidence was relevant to the proceedings.

13   The subject of the motion to compel was the following
14 documents and materials: (1) tapes, transcripts and notes
15 pertaining to investigative interviews of Flannery taken by all
16 South San Francisco City agencies; (2) the complete file pertaining
17 to the criminal investigation of Plaintiff, including investigative
18 documents, search warrant affidavits and statements; and (3) the
19 identity and statements of an "informant," who initially disclosed
20 the gambling to the Fire Chief. The Board properly denied the
21 motion.

22   As noted above, the entire administrative investigation report
23 and supporting documents were provided to Plaintiff at the same
24 time that he received the Notice of Proposed Discipline. The
25 complete criminal file was not included with this information
26 because it contained information unrelated to Plaintiff and was
27 protected by the official information privilege. Further, during
28 the hearing in front of the Board, Chief White testified that he

was not privy to all of the material contained in the criminal investigation and that all of the documents he relied upon to issue his report were produced to Plaintiff.  Plaintiff has not been able to identify any specific material evidence that was not provided to him, nor explain how it would have affected the proceedings.

Next, Plaintiff argues that the Board's decision should be reversed because it is not supported by any findings related to the charges.  Although the Board did not make detailed factual findings, it "considered all of the relevant evidence offered at the hearing and the arguments of both parties," and voted unanimously to adopt the City Manager's decision to terminate Plaintiff.  Nevertheless, the Court is not bound by the findings of the hearing body when exercising its independent judicial review, Pittsburg Unified School Dist. v. Commission on Professional Competence, 146 Cal. App. 3d 964, 977 (1983), and the Court independently concludes that the Board properly upheld the findings of the City Manager.

The misconduct charges were supported by substantial evidence. The City proved, consistent with Plaintiff's own admissions, that Plaintiff (1) was extensively involved in illegal gambling while on duty and used City telephones and computers to assist him in his efforts, (2) encouraged and assisted a subordinate employee, Flannery, to become engaged in illegal gambling with the gambling organization and (3) was dishonest and failed to cooperate in the ensuing investigation.  These facts support the charges in the Notice of Proposed Discipline.

Plaintiff asserts that the City abused its discretion by imposing the penalty of termination.  The Court is required to

10

uphold the Board's punishment if there is any reasonable basis for sustaining it. Deegan v. City of Mountain View, 72 Cal. App. 4th 37, 46 (1999). "The penalty imposed by the administrative body will not be disturbed in the mandate proceeding unless a manifest abuse of discretion is shown. If reasonable minds may differ as to the propriety of the penalty imposed, there has been no abuse of discretion. It is only in the exceptional case, when it is shown that reasonable minds cannot differ on the propriety of the penalty, that an abuse of discretion is shown." Id. at 46-47 (internal citations omitted). Here, it was not unreasonable to terminate Plaintiff for his conduct.

Finally, Plaintiff argues that he did not receive a fair trial because Chief White improperly targeted him. However, Plaintiff did not offer any evidence of an illegal motive by Chief White related to his termination.

For the foregoing reasons, the Court denies Plaintiff's petition for a writ of mandamus and upholds the Personnel Board's decision.

II.  42 U.S.C. § 1983 Claim

Because the Court denies the writ petition and upholds the Personnel Board's decision, Plaintiff's § 1983 claim may be barred by collateral estoppel or res judicata. In the Ninth Circuit, state administrative adjudications of legal as well as factual issues have preclusive effect in federal court as long as the state proceeding satisfies the requirements of fairness outlined in United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966). Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-33 (9th Cir. 1994). Those fairness requirements are "(1) that the

11

administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate." Id. (citing Utah Construction, 384 U.S. at 422).

Here, these requirements are met. The Board conducted a five-day hearing, during which Plaintiff subpoenaed, examined and cross-examined witnesses. Further, both parties offered hundreds of pages of exhibits into evidence. After hearing oral testimony, reviewing exhibits and hearing counsel's arguments, the Board deliberated and reached a decision to uphold Plaintiff's termination.

Once the Utah Construction test is satisfied, the question of preclusion is a matter of state law; federal courts must give the agency's decision "the same preclusive effect to which it would be entitled in the State's Court." University of Tennesse v. Elliot, 478 U.S. 788, 799 (1986).

Under California law, collateral estoppel applies where it is established that

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.

Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000) (citing Younan v. Caruso, 51 Cal. App. 4th 401, 406-07 (1996).

Plaintiff's § 1983 claim that the Personnel Board violated his procedural and substantive due process rights is the same as his claim for relief under § 1094.5. As noted above, the Court's inquiry on a petition for a writ under § 1094.5

12

> shall extend to the questions of whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion. Abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.

Cal. Code Civ. Proc. § 1094.5(b). Plaintiff's § 1983 claim that he was denied due process because the Personnel Board denied his motion to compel necessarily involves the issue of whether he received a "fair trial" and whether there was any "prejudicial abuse of discretion." Moreover, the factual allegations underlying Plaintiff's § 1983 claim that Defendants terminated him as a form of retaliation, for complaining about the manner in which Chief White promoted employees, were presented to the Personnel Board. The Board determined that the City's decision to terminate Plaintiff was proper; therefore, that decision necessarily encompassed the issue of whether the termination was wrongfully based on retaliation by Chief White. Accordingly, the issues necessarily decided by the Board are identical to those that Plaintiff seeks to relitigate in his § 1983 claims before this Court. The third requirement of collateral estoppel is satisfied because the party against whom collateral estoppel is asserted, Plaintiff, was a party in the administrative hearing.

However, at the hearing on these motions, the parties acknowledged that this Court's decision on the § 1094.5 claim is not a final judgment on the merits. The claim will not be final until an appeal from the Court's judgment has been exhausted or the time to appeal has expired. Franklin & Franklin v. 7-Eleven Owners for Fair Franchising, 85 Cal. App. 4th 1168, 1174 (2000). To allow Plaintiff to appeal the Court's decision on the § 1094.5 claim, the

13

Court must enter judgment on that claim. Under Federal Rule of Civil Procedure 54(b), the Court may enter judgment on fewer than all claims in a case. That rule provides,

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

A court has discretion in determining whether a Rule 54(b) judgment should enter. See Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (citing Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980)). In exercising its discretion, a court must consider "judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" Curtiss-Wright, 446 U.S. at 8 (citation omitted).

Here, if the § 1094.5 claim is resolved as a final judgment on the merits, it may be used preclusively as a defense to the § 1983 claim. This course could risk piecemeal appeals: if the § 1094.5 judgment is affirmed and then applied as collateral estoppel to the § 1983 claim, a second appeal could ensue. On the other hand, if it is not appealed, the § 1983 claim would proceed first and Defendants would not be able to claim their collateral estoppel defense. Proceeding to discovery and a full jury trial on the § 1983 claim without waiting for a final judgment on the § 1094.5 claim risks unnecessary waste of the parties' and the Court's resources. Accordingly, pursuant to Federal Rule of Civil Procedure 54(b), the Court finds that "there is no just reason for

14

delay" and enters final judgment on the § 1094.5 claim.  The parties shall notify the Court once the appeal has been exhausted or the time to appeal has expired.

Plaintiff argues that the Court should deny the summary judgment motion under Federal Rule of Civil Procedure 56(f).  Rule 56(f) of the Federal Rules of Civil Procedure provides that the court may deny or continue a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  The requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought exist and (3) the sought-after facts are essential to oppose summary judgment.  <u>Family Home and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.</u>, 525 F.3d 822, 827 (9th Cir. 2008).  The general rule is that § 1094.5 claims are decided "solely on the record of the proceeding before the administrative agency."  <u>Toyota of Visalia, Inc. v. New Motor Vehicle Bd.</u>, 188 Cal. App. 3d 872, 881 (1987).  Furthermore, Plaintiff has not shown that further discovery on the § 1094.5 claim would uncover evidence that would allow him successfully to oppose judgment against him on that claim.  Therefore, the Court does not defer its ruling on the § 1094.5 claim.

The Court stays its decision on Plaintiff's § 1983 claim.  Discovery on that claim will be unnecessary if the § 1094.5 claim becomes final and collateral estoppel applies.  However, the Court will re-visit discovery issues if the § 1094.5 judgment is not finalized.

15

CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's petition for a writ of mandamus and stays its decision on Defendants' motion for summary judgment on Plaintiff's § 1983 claim pending appeal of this order (Docket No. 59).  The Court also stays discovery and further litigation of that claim.  The Court denies as moot Defendants' motion to quash a subpoena for a non-party's bank records (Docket No. 23) and Plaintiff's motion to compel compliance with third-party deposition subpoenas (Docket Nos. 23 and 41).  The parties may re-file these motions if discovery is re-opened in this case after the Ninth Circuit's decision.  The clerk shall enter judgment for Defendants on the § 1094.5 claim.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 12/24/09

CLAUDIA WILKEN
United States District Judge