IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SELVITELLA, | No. C 08-04388 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION |
| v. | FOR SUMMARY JUDGMENT ON |
| CITY OF SOUTH SAN FRANCISCO, et al., | PLAINTIFF'S § 1983 CLAIM |
| | (Docket No. 59) |
| Defendants and Respondents. | |

Because the Ninth Circuit recently affirmed this Court's denial of Plaintiff's petition for a writ of mandamus under California Code of Procedure § 1094.5, the Court grants Defendants' pending motion for summary judgment on Plaintiff's remaining claim under 42 U.S.C. § 1983.  Docket No. 59.

BACKGROUND

Plaintiff and Petitioner James Selvitella sought a writ of mandamus under § 1094.5, in an effort to override the decision by the Personnel Board of the City of South San Francisco to terminate his employment as Battalion Chief of the City's Fire Department.  In addition to his petition for a writ of mandamus, Plaintiff alleged a claim under § 1983.  Defendants and Respondents City of South San Francisco, Personnel Board of the City of South San Francisco, South San Francisco Fire Department, Barry M. Nagel, Marty Van Duyn and Phillip White opposed the

petition and moved for summary judgment on Plaintiff's § 1983 claim.  The Court denied Plaintiff's petition for a writ and deferred its ruling on Defendants' motion for summary judgment.

Accordingly, the Court instructed the clerk to enter a Rule 54(b) judgment against Plaintiff on his § 1094.5 claim and, after the clerk did so, Plaintiff pursued an appeal before the Ninth Circuit.  On March 28, 2011, the Ninth Circuit issued a judgment affirming this Court's denial of Plaintiff's petition for a writ of mandamus under § 1094.5, and on April 19, 2011, the Ninth Circuit's judgment took effect, pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.  The Court now rules on Defendants' motion for summary judgment to resolve Plaintiff's remaining claim under § 1983.

The Court's prior order, denying Plaintiff's petition for a writ, also found that his claim under § 1983 could be barred by collateral estoppel given the denial of the writ petition.  The Court first made a threshold finding that the proceedings before the Personnel Board satisfied the fairness requirements set forth in Utah Construction & Minning Co., 384 U.S. 394 (1966).  Order at 11-12.  The Court then determined that two of the three requirements for application of collateral estoppel under California law were satisfied.  Id. at 12-13.  However, the Court found that the third requirement--that the first proceeding ended with a final judgment on the merits--was not fulfilled because its decision on the § 1094.5 claim would not be a final judgment on

the merits until an appeal from the Court's judgment had been exhausted or the time to appeal expired.  Because proceeding to discovery and a full jury trial on the § 1983 claim without waiting for a final judgment on the § 1094.5 claim risked unnecessarily wasting the parties' and the Court's resources, the Court held that entry of judgment, pursuant to Federal Rule of Civil Procedure 54(b), solely on the § 1094.5 claim was warranted. As noted earlier, after the clerk entered judgment on the § 1094.5 claim, Plaintiff pursued an appeal that was ultimately unsuccessful.

CONCLUSION

Given that Plaintiff exhausted his appeal and this Court's judgment denying his § 1094.5 claim is now final, the third requirement for application of collateral estoppel to the remaining § 1983 claim has been satisfied.  Accordingly, the Court GRANTS summary judgment on Plaintiff's § 1983 claim in favor of Defendants.  Docket No. 59.  The clerk shall enter judgment for Defendants on Plaintiff's § 1983 claim.  The parties shall bear their own costs.

IT IS SO ORDERED.

Dated:  5/25/2011

_____
CLAUDIA WILKEN
United States District Judge

3